Sun Life also argues that plaintiff is not cognitively impaired and is therefore able to work. (Sun Life Motion at 12-13.) In support of this argument, Sun Life relies primarily on plaintiff's activity on social media, including his comments on "complex topics of economics, diplomacy, and politics." (Id. ) Sun Life provides no authority to support its argument that social media activity is evidence of cognitive ability, and the Court is not persuaded that an individual's personal musings so provide. Sun Life also argues that Dr. Chen's notation that plaintiff was "cognitively normal" during each of plaintiff's visits supports its argument that plaintiff is cognitively capable of doing his job. (Id. at 12.) However, Dr. Chen's basic medical evaluation of plaintiff's cognitive function does not establish that plaintiff can perform his job, which required a high cognitive ability, including critical thinking, decision-making, complex problem solving, processing information, evaluating information to determine compliance with standards, and high levels of concentration. (See SSF No. 3.)
IV. DISPOSITION
Upon de novo review of the record, the Court finds that plaintiff has established by a preponderance of the evidence that he was disabled under the terms of the Plan during the relevant period.
The parties shall, within thirty days of the date of this Order: (1) meet and confer to resolve the amount of disability benefits due plaintiff, and (2) submit a proposed judgment consistent with the terms of this Order.
This Order terminates Docket Numbers 41 and 42.
IT IS SO ORDERED.